CHARLES K. CHINEDUH (SBN 273258)
Charles.Chineduh@maynardnexsen.com
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone:  310.596.4500

JAMES J. HOCKEL (SBN 340612)
JHockel@maynardnexsen.com
MAYNARD NEXSEN LLP
201 California Street, Suite 400
San Francisco, CA 94111
Telephone:  415.704.7433

Attorneys for Plaintiff
PROTECTIVE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>WALTER WAYNE,<br><br>    Defendant. | Case No.  5:26-cv-1396<br><br><br>**COMPLAINT** |

-1-

Plaintiff PROTECTIVE LIFE INSURANCE COMPANY ("Protective"), by and through undersigned counsel, respectfully files this Complaint against Defendant WALTER WAYNE ("Wayne"), as follows:

## PARTIES

1. Protective is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business located in Birmingham, Alabama. For diversity purposes, Protective is a citizen of Nebraska and Alabama. At all relevant times, Protective was authorized to transact business in the State of California.

2. Wayne is a citizen of the State of California, and Wayne has at all relevant times been domiciled between Los Angeles County, Orange County, and San Bernardino County, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Protective and Wayne, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Wayne resides in this judicial district, and because a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## FACTUAL ALLEGATIONS

5. On or about November 15, 2002, Wayne applied for $200,000.00 in life insurance coverage through West Coast Life Insurance Company ("West Coast Life"), insuring the life of "Stephen Riste" (the "Application").

6. At the time of Wayne's Application, West Coast Life was a wholly owned subsidiary of Protective.

7. Wayne's Application consisted of several parts. In the Application, Wayne answered questions and made representations regarding the proposed

-2-

insured's medical history and social history, among other things.

8.    In Part I of the Application, Wayne was asked for basic identifying information regarding the proposed insured.  Wayne answered that the name of the proposed insured is "Stephen Riste," his relationship with Riste is "son," Riste's date of birth is "02-10-50," Riste's Social Security Number ("SSN") ends with "3176," and Riste's state of birth was "MO."

9.    In Part III of the Application, Wayne was asked his relationship with Stephen Riste.  Wayne again answered: "son."

10.    The Application listed Wayne himself as the beneficiary of the policy.

11.    In signing the Application, Wayne, among other things, represented and agreed to the following:

> I (We) represent that all statements and answers made in all parts of this application are full, complete and true to the best of my (our) knowledge and belief.  It is agreed that:
>
> 1.    All such statements and answers shall be the bases for and is part of any policy issued on this application.
>
> . . .

12.    As a matter of law, West Coast Life was entitled to, and did, rely on the accuracy of the answers and information provided by Wayne in his Application.

13.    In reliance on the truthfulness and accuracy of the representations provided by Wayne in the Application, including those set forth above, West Coast Life issued to Wayne life insurance policy No. Z02324765 (the "Policy") in the face amount of $200,000.00 with a date of issue of December 17, 2002, insuring the life of "Stephen Riste".

14.    The Policy was issued and delivered to Wayne in the State of California.

15.    The Policy specifically incorporates the Application as part of the contract.

16.    In or about 2007, a review of Policy records raised questions including about the identity of Stephen Riste.  For example, the SSN and date of birth provided

-3-

for Stephen Riste on the Application could not be linked back to any real person named "Stephen Riste." On June 27, 2007, West Coast Life sent a letter to Wayne requesting information for Stephen Riste including a copy of his driver's license and Social Security card. West Coast Life did not receive any response to this letter nor was it provided with the requested information pertaining to Stephen Riste.

17. West Coast Life sent several letters to Wayne requesting identifying information/documents pertaining to Stephen Riste as well as Wayne. However, West Coast Life was not provided with the requested identifying information or documentation.

18. On or about February 1, 2022, Wayne notified West Coast Life that Stephen Riste had died. West Coast Life provided Wayne with a claim form, which Wayne completed dated March 2, 2022, and subsequently submitted the claim form to West Coast Life.

19. The submitted claim form identifies the name of the deceased as "Stephen Riste/Reste," Riste's date of birth as "02-10-50," Riste's SSN ending with "9914," and Riste's state of birth as "New York." The name, SSN, and state of birth provided on the claim form for Stephen Riste did not match the information provided on the Application.

20. Along with the claim form, Wayne submitted a Certificate of Death from the City of Pasadena Public Health Department, which listed Riste's name as "Stephen Reste," Riste's date of birth as "05/21/1950." Riste's SSN ending with "9914," and Riste's state of birth as "NY." The Certificate of Death noted a known alias of "Thom Pali" for Riste. The Certificate of Death also included a correction page that corrected Riste's date of birth from "05/21/1950" to "02/10/1950."

21. On or about March 17, 2022, Wayne submitted an updated Certificate of Death that included an additional correction updating Riste's last name from "Reste" to "Riste."

///

-4-

22.    The SSN and place of birth marked in the final corrected Certificate of Death and provided in Wayne's claim form do not match the SSN and place of birth provided in the Application.

23.    Protective is informed and believes that the SSN provided in the Application belongs to an unrelated individual with a different first and last name who lives in Bridgeport, Connecticut, and who is still living.

24.    Protective is informed and believes that the SSN marked in the final corrected Certificate of Death and provided in Wayne's claim form belongs to an unrelated individual with a different first and last name who lives in Bristol, Pennsylvania, and who is still living.

25.    Protective sent Wayne (and Wayne's counsel) multiple requests to provide identification documents for Wayne, identification documents for Riste, and a certified copy of the death certificate.  However, Wayne did not provide these documents.

26.    Effective July 1, 2025, West Coast Life Insurance Company merged with and into Protective.  Following this merger, Protective assumed administrative and financial responsibility for the Policy.

27.    On or about March 16, 2026, Protective mailed a check to Wayne for $23,955.47, representing a complete refund of all premium payments made on the Policy.

## COUNT I – DECLARATORY RELIEF

28.    Protective adopts, re-alleges, and incorporates herein by reference Paragraphs 1 through 27 above.

29.    Pursuant to Section 10113.5(b)(1) of the California Insurance Code, "if an impostor is substituted for a named insured in any part of the application process, with or without the knowledge of the named insured, then no contract between the insurer and the named insured is formed, and any purported insurance contract is void from its inception."

-5-

30.   Pursuant to Section 280 of the California Insurance Code, "[i]f the insured has no insurable interest, the contract is void."  *See also* Cal. Ins. Code § 10110.1(g) ("Any contract of life or disability insurance procured or caused to be procured upon another individual is void unless the person applying for the insurance has an insurable interest in the individual insured at the time of the application."); Cal. Ins. Code § 10110.1(e) ("[a]ny device, scheme, or artifice designed to give the appearance of an insurable interest where there is no legitimate insurable interest violates the insurable interest laws.").

31.   Pursuant to Section 10110.1(a) of the California Insurance Code, "[a]n insurable interest, with reference to life and disability insurance, is an interest based upon a reasonable expectation of pecuniary advantage through the continued life, health, or bodily safety of another person and consequent loss by reason of that person's death or disability or a substantial interest engendered by love and affection in the case of individuals closely related by blood or law."

32.   An actual controversy exists over whether an imposter was substituted during the application process for the Policy.

33.   An actual controversy exists over whether Wayne had an insurable interest in the life of Stephen Riste.

34.   Wayne has failed to provide supporting information as to the identity of Stephen Riste and as to his relationship with Stephen Riste.

35.   Protective has already tendered to Wayne the full amount of Policy premiums paid and, if necessary, stands ready to tender all premiums paid on the Policy into the Court's registry upon confirmation that the previous premium refund payment has been voided.

///

///

///

///

-6-

COMPLAINT
Case No. 5:26-cv-1396

## **PRAYER FOR RELIEF**

WHEREFORE, pursuant to applicable law, Protective requests that this Honorable Court enter a final judgment in its favor and against Wayne as follows:

1.     That the Court enter judgment declaring the Policy void and declaring that Protective has no further responsibilities or obligations under the Policy;

2.     That Protective be awarded its attorneys' fees, costs of suit, and any such other legal and equitable relief to which it may be justly entitled;

3.     That Protective be awarded such other and further relief as the Court may deem just and proper.


Dated:  March 24, 2026                    MAYNARD NEXSEN LLP


                                 By:     */s/ Charles K. Chineduh*
                                        CHARLES K. CHINEDUH
                                        JAMES J. HOCKEL
                                        Attorneys for Plaintiff
                                        Protective Life Insurance Company

-7-